UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| SPENCER FLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:23-cv-00033-JPJ-PMS |
| ) | |
| EARTHLINK, LLC, ) | |
| ) | |
| Defendant. ) | |

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANT EARTHINK, LLC'S PARTIAL MOTION TO DISMISS**

Defendant, Earthlink, LLC ("Earthlink" or "Defendant"), by counsel, submits this Reply Memorandum in further support of its Partial Motion to Dismiss the Complaint filed against it by Plaintiff, Spencer Floyd ("Plaintiff").

**INTRODUCTION**

In his Responsive Memorandum to Defendant's Partial Motion to Dismiss, Plaintiff attempts to argue and prove that he has alleged facts sufficient to satisfy the requisite elements of his Intentional Infliction of Emotional Distress ("IIED") claim.[1] *See* Dkt. 10. His approach, however, seems to be to avoid dismissal by reciting the same deficient factual allegations set forth in his Complaint as well as the elements of an IIED claim. Instead of responding to and rebutting the arguments and case law set forth in Earthlink's Partial Motion to Dismiss (Dkt. 5) and supporting Memorandum (Dkt. 6), Plaintiff offers the same general and conclusory allegations he made in his Complaint and provides no case law to support his argument that IIED liability extends

---

[1] Pursuant to an Order issued by this Court, Plaintiff's brief in opposition to Defendant's Partial Motion to Dismiss was due on or before October 24, 2023. *See* Dkt. 8. Plaintiff filed his Responsive Memorandum to Defendant's Partial Motion to Dismiss on October 25, 2023, one day late. *See* Dkt. 10. Plaintiff neither filed a motion requesting leave to file a late brief nor provided any explanation for the late filing.

to insults, ridicule, or insensitive conduct. Plaintiff's arguments merely recite the text of the law upon which he relies and do nothing to address or cure the legal insufficiency of his IIED claim.

Plaintiff's IIED claim is a threadbare recitation of the elements unsupported by sufficient factual allegations, and his Responsive Memorandum does nothing to remedy the legal and factual deficiencies in his Complaint. Therefore, this Court should dismiss Plaintiff's IIED claim with prejudice.

## ARGUMENT

Plaintiff's untimely response to Earthlink's Partial Motion to Dismiss his deficient claim for IIED is underserving of this Court's attention and warrants only a brief response by Earthlink. In sum, the deficiencies with Plaintiff's IIED claim remain untouched and unaddressed by Plaintiff. Instead of rebutting Earthlink's arguments, Plaintiff attempts to bolster his deficient allegations by reciting the elements of an IIED claim and making the conclusory allegation that he has sufficiently alleged facts to support his claim. This bare recitation of the elements of an IIED claim and the self-serving legal conclusions, however, do nothing to save his IIED claim. Plaintiff's declaration that he has pled facts sufficient to meet the minimum pleading requirements has no bearing on this Court's determination concerning whether to dismiss Plaintiff's IIED claim. It is the court alone that must determine whether Plaintiff has stated a plausible claim for relief.

At the outset, Plaintiff very clearly fails to understand that the outrageous and intolerable conduct element of an IIED claim is seldom met by plaintiffs under Virginia law. Plaintiff's claim comes nowhere close to meeting the requisite threshold of outrageous and intolerable conduct required to state a claim for IIED under Virginia law. The conduct alleged by Plaintiff consists of odious, insensitive insults and gestures. While this type of conduct may be inappropriate, it is not "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and

26682/1/11452389v1

to be regarded as atrocious and utterly intolerable in a civilized society." *Russo v. White*, 241 Va. 23, 27 (1991). In fact, "Virginia courts have held that 'insensitive and demeaning conduct,' including verbal abuse, does not rise to the level of extreme or outrageous conduct required to state a claim for intentional infliction of emotional distress." *Perk v. Worden*, 475 F. Supp. 2d 565, 570 (E.D. Va. 2007) (quoting *Harris v. Kreutzer*, 271 Va. 188, 205 (2006)); *Law v. Autozone Stores, Inc.*, No. 4:09CV00017, 2009 U.S. Dist. LEXIS 110445, at *12 (W.D. Va. Nov. 25, 2009) ("[A]s a general matter, verbal abuse and use of insensitive language will not meet the bill for outrageous and intolerable conduct for purposes of an IIED claim based on Virginia law."). Especially when, as here, the conduct at issue is isolated or infrequent.

Plaintiff fails to cite any binding or persuasive case law to support his argument that conduct similar to that alleged in his Complaint rises to the level of outrageous and intolerable conduct. Instead of providing case law to support his argument that IIED liability extends to insults, ridicule or insensitive conduct, Plaintiff attempts to undermine the holding in *Coles v. Carilion Clinic*, 894 F. Supp. 2d 783 (W.D. Va. 2012). This attempt, however, is unavailing. Plaintiff argues that *Coles* is not binding on this Court because it's a district court opinion; however, in making this assertion, Plaintiff has blatantly ignored the fact that his Court has repeatedly referred to and cited this case when conduct alleged by a plaintiff fails to rise to the requisite level of outrageous conduct necessary for an IIED claim under Virginia law. *See Brown v. AECOM, Inc., Civil Action No. 7:21-cv-00438, 2022 U.S. Dist. LEXIS 15022, at *14 (W.D. Va. Jan. 27, 2022); Burnopp v. Carter Bank & Tr.*, Civil Action No. 4:20CV00052, 2020 U.S. Dist. LEXIS 219157, at *7 (W.D. Va. Nov. 23, 2020); *Perdue v. Rockydale Quarries Corp.*, Civil Action No. 7:18CV00416, 2019 U.S. Dist. LEXIS 86156, at *24 (W.D. Va. May 22, 2019); *McKinney v. G4S Gov't Sols., Inc.*, 179 F. Supp. 3d 609, 631 n.16 (W.D. Va. 2016).

Plaintiff refers to *Womack v. Eldridge*, 215 Va. 338 (1974) and *Almy v. Grisham*, 273 Va. 68 (2007) in an attempt to undermine the *Coles* decision, but both of these cases are easily distinguishable from this case. *Almy* and *Womack* are both cases that encompass the rare instance where a plaintiff has alleged facts sufficient to satisfy the outrageous and intolerable prong of an IIED claim. In *Almy*, the conduct at issue was found to be sufficiently outrageous because the plaintiff alleged that the defendants had devised a scheme to falsely accuse the plaintiff of writing harmful letters and had improperly obtained documents from her son's school bearing her handwriting so they could have a sample of plaintiff's handwriting to further their scheme. *Almy*, 273 Va. at 78. Similarly, in *Womack*, the conduct at issue was deemed sufficiently outrageous because an investigator was alleged to have taken the plaintiff's photograph for the purpose of using it in court as a picture of a potential suspect in a child molestation case. *Womack*, 215 Va. at 342. Neither of these cases are akin to this case because the conduct alleged by the plaintiffs in those cases was far more severe and horrendous than Earthlink's alleged conduct toward Plaintiff in this case. Indeed, the severity of the conduct alleged here falls woefully short of the severity of the conduct at issue in *Almy* and *Womack*.

In a last ditch effort to prevent his IIED clam from being dismissed, Plaintiff argues that it would be premature for this Court to determine whether the conduct at issue may be considered extreme and outrageous because that is a determination the jury should make after a trial on the merits. Plaintiff conveniently ignores and excludes the portion of the court's opinion in *Womack* where the court unequivocally states that it is for the court to determine "in the first instance, whether a defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Womack*, 215 Va. at 342; *Crittendon v. Arai Ams., Inc.*, No. 2:13-CV-567, 2014 U.S. Dist. LEXIS 576, at *17 (E.D. Va. Jan. 2, 2014) ("If reasonable men would not disagree, it is

4

for the Court to determine whether the Defendants' conduct was sufficiently extreme and outrageous as to result in liability.").

The court's opinion in *Womack* makes clear that this Court is responsible for determining whether Plaintiff has sufficiently alleged outrageous and intolerable conduct at the outset to survive dismissal of his IIED claim. *Id*. In making this determination, this Court must not consider Plaintiff's legal conclusions and the self-serving statements he makes in his Complaint and Response Memorandum. It is not Plaintiff's role to declare that he has pled sufficient facts to meet the minimum requirements for an IIED claim. That is this Court's role, and this Court must independently determine whether Plaintiff has alleged facts sufficient to demonstrate that Earthlink engaged in outrageous and intolerable conduct. Here, Plaintiff has failed to allege facts that, even if taken as true, establish that Earthlink's conduct was outrageous and intolerable.

Finally, Plaintiff's claim that the alleged emotional distress he suffered was severe is meritless. Plaintiff alleges he has suffered from emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries as a result of Earthlink's conduct. Most of these alleged symptoms/injuries, however, are the same or similar to symptoms/injuries that courts have found to be insufficient to satisfy the severe emotional distress element of an IIED claim. *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 436 (4th Cir. 2006) ("embarrassment, disappointment, or hurt feelings" alone cannot prove emotional stress severe enough to sustain an IIED claim); *Harris v. Kreutzer*, 271 Va. 188, 205 (2006) (affirming that injuries such as humiliation, disgrace, shame, injury to reputation, nightmares, difficulty sleeping, depression and loss of self-esteem are not so severe that no reasonable person could be expected to endure them); *Russo v. White*, 241 Va. 23, 28 (1991) (plaintiff's allegations that "she was nervous, could not sleep, experiences stress and 'its physical symptoms,' withdrew from

activities, and was unable to concentrate at work" was not emotional distress "so severe that no reasonable person could be expected to endure it."); *Harris v. Americredit Fin. Servs.*, 2005 U.S. Dist. LEXIS 44339, *9-10 (W.D. VA. 2005) ("nightmares, loss of self-esteem, depression, and nightly episodes of crying" do not constitute severe emotional distress); *Glover v. Oppleman*, 178 F. Supp. 2d 622, 643 (W.D. Va. 2001) (sleeplessness, anxiety, loss of enjoyment, and fatigue is not sufficiently severe to support plaintiff's IIED claim). Plaintiff's alleged injuries and symptoms are indistinguishable from those the courts in the above-cited cases found insufficient to constitute severe emotional distress.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Earthlink's Partial Motion to Dismiss and supporting Memorandum, Earthlink respectfully requests that this Court grant its Partial Motion to Dismiss, enter an order dismissing Plaintiff's intentional infliction of emotional distress claim with prejudice, and grant Earthlink any further relief this Court deems appropriate.

Respectfully submitted,

**EARTHLINK, LLC**

By: */s/ Harrison E. Richards*

Paul G. Klockenbrink (VSB No. 33032)
Harrison E. Richards (VSB No. 94960)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, Virginia 24022-0013
(540) 983-9300
FAX: (540) 983-9400
klockenbrink@gentrylocke.com
hrichards@gentrylocke.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

/s/  Harrison E. Richards