# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **SPENCER FLOYD,** | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:23CV00033 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **EARTHLINK, LLC,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Jaxon Wilkens*, THE LAW OFFICE OF KERN AND WILKENS, PC, Big Stone Gap, Virginia, for Plaintiff; *Paul G. Klockenbrink and Harrison E. Richards*, GENTRY LOCKE, Roanoke, Virginia, for Defendant.

In this employment action removed from state court asserting sexual orientation discrimination, disability discrimination, and intentional infliction of emotional distress (IIED), the defendant employer has filed a partial Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) on the basis that the plaintiff has failed to allege facts sufficient to support a claim of IIED under Virginia law. For the following reasons, the defendant's partial Motion to Dismiss will be granted.

I.

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations in a complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The allegations of the Complaint relevant to the present issue are as follows.

The plaintiff was hired as an employee with Earthlink, LLC on January 24, 2022. Nearly four months later, on April 20, 2022, the plaintiff was terminated. The plaintiff is openly gay. At some point during his short employment with Earthlink, his coworkers "began to whisper and make fun of him due to his homosexuality." Compl. ¶ 10, ECF No. 1-2. One of his coworkers repeatedly made derogatory comments towards him and once called him a "fa***t" and "made an obscene finger gesture." *Id.* ¶ 14. The plaintiff reported this to his manager and stepped outside to regain his composure but was then not allowed back into the building and was suspended for "Shift Abandonment." *Id.* ¶ 16. The offending coworker was not moved or reprimanded.

Floyd also has a learning disability. He was able to perform his job satisfactorily until the company software was upgraded and no training was provided to him on how to operate the new system. When the plaintiff began to struggle and requested an accommodation, he was written up for his errors and was refused accommodation for his disability. A human resources supervisor stated to him that other employees were able to adjust to the new system and called him "dumb" for his failure to do so. *Id.* ¶ 23.

As a result of all this conduct, the plaintiff contends that he suffered mental anguish, embarrassment, and humiliation.

The defendant contends that the IIED claim set forth in Count III of the Complaint should be dismissed as a matter of law because the alleged conduct is not sufficient to satisfy the elements of such a cause of action.

Subject-matter jurisdiction of this court over the state law IIED claim is based on 28 U.S.C. § 1367(a). The Motion to Dismiss has been fully briefed and is ripe for decision.[1]

## II.

Motions under Rule 12(b)(6) test the legal sufficiency of a pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, a complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.

"A federal court sitting in diversity has an obligation to apply the law of the forum state as it is interpreted by the state's highest court." *Adamson v. Columbia*

---

[1] Pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Rule 11(b), I have determined that an oral hearing on this motion is not necessary.

*Gas Transmission, LLC*, 579 F. App'x 175, 177 (4th Cir. 2014) (unpublished). Where state law is unclear, the court must anticipate how Virginia's highest court would decide on the question before it. *Wells v. Liddy*, 186 F.3d 505, 528 (4th Cir. 1999). When forecasting the decision of the state's highest court, I may consider "canons of construction, restatements of the law, treatises, recent pronouncements of general rules or policies by the state's highest court, well considered dicta, and the state's trial court decisions." *Id.*

To state a claim for IIED under Virginia law, a plaintiff must show that the defendant's "extreme and outrageous conduct intentionally or recklessly" caused the plaintiff's severe emotional distress. *Womack v. Eldrige*, 210 S.E.2d 145, 147 (Va. 1974). "Liability is found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hudgins v. Higginbotham*, No. CL10-2160, 2011 WL 12678215 at *5 (Va. Cir. Ct. Feb. 1, 2011) (internal quotation marks and citations omitted).

Discriminatory statements, without more, are generally insufficient under Virginia law to constitute outrageous conduct. *See id.* (holding that a pool director had not engaged in such conduct when he told Black plaintiff she did not look like she lived in the neighborhood and needed to leave the community pool, and then threatened to follow her home to verify her identity). The defendant contends that

it did not engage in outrageous conduct when its employees allegedly called the plaintiff a derogatory word, whispered about his homosexuality, called him "dumb" for failing to understand the company's software, and terminated him, even though it acknowledges that the comments alleged are "crude, deplorable, and uncalled for." Mem. Supp. Mot. Dismiss 8, ECF No. 6.

Some state courts have recognized that slurs can in certain contexts constitute outrageous behavior for purposes of IIED claims, particularly within the context of the workplace. *Taylor v. Metzger*, 706 A.2d 685, 695–700 (N.J. 1998) (collecting cases and noting the stigmatic harms associated with slurs). However, I find that slurs as a form of identity-based discrimination do not satisfy the outrageousness prong of Virginia IIED claims. Although Virginia courts may one day endorse this view of outrageousness, they have not yet so held, and this court must apply the law as it exists. Consequently, the plaintiff has not alleged extreme or outrageous conduct as a matter of law. *Webb v. Baxter Healthcare Corp.*, No. 94-1784, 1995 WL 352485, at *1, *6 (4th Cir. June 13, 1995) (unpublished) (concluding plaintiff's allegations that she was continuously ridiculed based on her gender and ethnicity, including comments such as "You Jews are all alike," and "I don't know what's wrong with you Jews," were insufficient to plead IIED under Virginia law).

-6-

IV.

Accordingly, it is **ORDERED** that the defendant's Partial Motion to Dismiss, ECF No. 5, is GRANTED and the claim of intentional inflection of emotional harm asserted in Count III of the Complaint is DISMISSED.

ENTER: February 29, 2024

/s/  JAMES P. JONES
Senior United States District Judge